IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TAVARRES HENDERSON,

    Plaintiff,

v.                                                  Civ. No. 24-0192 KG-JMR

UNITED STATES OF AMERICA, *et al*,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Plaintiff Tavarres Henderson's *pro se* Civil Letter-Pleading. (Doc. 1) (Letter-Pleading). Henderson is a state prisoner in Macon, Georgia. He claims, inter alia, that Defendants are conspiring to cause various nuclear power plants to meltdown. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915A and Fed. R. Civ. P. 12(b)(6), the Court will dismiss the Letter-Pleading and close this case.

    I.    <u>Background</u>

    Henderson is currently serving a sentence pursuant to a Georgia state judgment. His Letter-Pleading consists of various prison grievance forms along with pages of handwritten narrative. (Doc. 1). Henderson's primary theory is that law enforcement, Georgia state officials, and members of U.S. Congress permitted faulty inspections of nuclear power plants in Georgia and North Carolina. *Id.* at 6-9-13, 14-16. The Letter-Pleading alleges Defendants ignored "5000 … safety violations." *Id.* at 9. Henderson believes five nuclear power plants are "38% of the way" to a meltdown, and such meltdown will occur in November or December of 2027. *Id.* at 3-5. The Letter-Pleading further alleges a "500 … billion mega ton blast kilo watt bomb" is "about to blow up." *Id.* Henderson predicts the bomb and/or nuclear meltdowns will harm "501 million

US residents" and "400 billion … Europeans." *Id.* at 5, 9, 16, 19.

Beyond Henderson's theories regarding a catastrophic event, the Letter-Pleading also alleges:

(1) Georgia Attorney General Christopher Carr was involved in "clon[ing] the local human alien gene." (Doc. 1) at 11.

(2) Former U.S. President Dwight D. Eisenhower improperly signed articles of impeachment; allowed 10,000 soldiers to sell cotton France; and impacted the spread or development of an "alien clon[e] disease." *Id.* at 10.

(3) Henderson caused the "wall street stock exchange to close five hundred points below" some baseline when he closed a time-share account in 2023. *Id.* at 23.

(4) At least five nuclear power supply companies plan to file a bankruptcy case in bad faith and/or will obtain a loan associated with Henderson's brokerage account. *Id.* at 2.

(5) U.S. Senator Mitch McConnell allegedly proposed or helped pass legislation to "kill four hundred billion U.S. residents by the year … 2027." *Id.* at 44.

(6) Two federal judges in the District of New Mexico – Hon. James O. Browning and Hon. Laura Fashing – allegedly violated the procedures governing articles of impeachment and/or RICO law. *Id.* at 34, 36.

(7) Henderson's broker closed his Berkshire Hathaway account in bad faith. *Id.* at 2.

(8) Henderson was the victim of a Ponzi scheme in Georgia. *Id.* at 27.

(9) The State of Florida committed wrongdoing with respect to an automobile insurance policy, which may have impacted Henderson's bank/brokerage accounts. *Id.* at 50.

(10) Henderson was improperly charged for medical services, even though he has not

2

received medication in prison. *Id.* at 31.

(11) A third party filed a bankruptcy petition using Henderson's name. *Id.* at 30.

Based on the above facts, Henderson seeks $450 billion in damages. (Doc. 1) at 53. He also asks the Court to "save America from a nuclear bomb that will detonate in 2027" and an "alien infection." *Id.* The caption of the Complaint names four Defendants: (1) United States of America; (2) U.S. Department of Defense; (3) the State of Georgia; and (4) Georgia Attorney General Christopher Carr. *Id.* at 1. Henderson refers to various other individuals as defendants throughout the 55-page Letter-Pleading, but the exact number of defendants is unclear. The Court will address whether the Letter-Pleading is subject to dismissal under 28 U.S.C. § 1915A.

II.     <u>Standards Governing Sua Sponte Review</u>

Section 1915A of Title 28 requires the Court to conduct a *sua sponte* review of all prisoner complaints seeking redress from a governmental entity or its officers. Complaints must be dismissed if they are frivolous, malicious, or fail to state a cognizable claim. 28 U.S.C. § 1915A(b). To survive review, the plaintiff must generally frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Beyond Fed. R. Civ. P. 12(b)(6), Section 1915A "accords judges … the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims" that are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is frivolous where the "factual

contentions … describe[e] fantastic or delusional scenarios." *Id*. The claims must be more than unlikely. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992). They must "rise to the level of the irrational or the wholly incredible" and "lack[] an arguable basis either in law or in fact." *Neitzke,* 490 U.S. at 328.

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). While *pro se* pleadings are judged by the same legal standards as others, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, …, or … unfamiliarity with pleading requirements." *Id.* "At the same time, … it is [not] the proper function of the district court to assume the role of advocate." *Id.*

   III.   *Discussion*

The crux of the Letter-Pleading is that various government officials conspired to cause a catastrophic nuclear meltdown or an "alien clone disease." These allegations are not "plausible on [their] face," *Ashcroft*, 556 U.S. at 678, and "lack[] an arguable basis either in law or in fact." *Neitzke,* 490 U.S. at 325. *See also Strege v. Comm'r, SSA,* 848 Fed. App'x 368, 369 (10th Cir. 2021) (affirming dismissal of "fantastic or delusional scenario" regarding "nuclear reactors"); *Bahrampour v. Sec'y of Air Force*, 794 Fed. App'x 802 (10th Cir. 2020) (complaint citing "electromagnetic spectrum weapons" was frivolous). Henderson's theories that he controls the stock market or that congress/members of the military are conspiring to kill millions of civilians are also factually frivolous. *See, e.g., Fontanez v. Berger,* 2022 WL 3646353, at *4 (D.D.C. Aug. 24, 2022) (dismissing complaint based on, inter alia, an alleged "sneak attack on the international stock market"). The Letter-Pleading will therefore be dismissed as frivolous, to the extent it

raises claims related to nuclear explosions, aliens, stock market manipulation, or mass murder.

To the extent Henderson seeks to sue Judge Browning and Judge Fashing, such claims are barred by the doctrine of judicial immunity. That doctrine shields "judge[s] from liability" for all actions "performed in the judicial capacity." *Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002). "[I]mmunity applies even when the judge is accused of acting maliciously…." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). The only exception is "where a judge has acted in the clear absence of all jurisdiction." *Lundahl*, 296 F.3d at 939. There are no allegations in the Letter-Pleading that Judge Browning or Judge Fashing acted without jurisdiction. The only case involving both judges is *Henderson v. U.S. Supreme Court,* Civ. No. 24-0056 JB-LF. Judge Browning dismissed that case without prejudice after Henderson severed contact with the Court. (Doc. 8) in Civ. No. 24-0056 JB-LF. Hence, any claims against Judge Browning or Judge Fashing will be dismissed with prejudice.

Some of the allegations in the Letter-Pleading appear to raise individual claims that are relevant to Henderson himself, as opposed to the entire population. He alleges, for example, that a broker closed his Berkshire Hathaway account; the State of Florida committed wrongdoing with respect to auto insurance; and he was improperly charged for medical services in prison. (Doc. 1) at 2, 31, 50. Henderson further alleges he was a victim of a Ponzi scheme in Georgia and that a third party filed a bankruptcy petition using his name. *Id.* at 27-30.

Accepting these allegations as true, the individual claims are not properly raised in the District of New Mexico. *See Johnson v. Christopher*, 233 Fed. App'x 852, 854 (10th Cir. 2007) (analyzing improper venue and noting "the district court has discretion" to evaluate the matter on screening). Section 1391 of Title 28 permits a civil action to be brought in:

> (1) a judicial district in which any defendant resides …;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to … personal jurisdiction.

28 U.S.C. § 1391(b).

Subsection (1) is not met. The parties associated with Henderson's individual claims do not reside in New Mexico, and it is not clear this Court has personal jurisdiction over any Defendant. *See* 28 U.S.C. § 1391(c)(2) (for venue purposes, an entity resides in any district "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question"). As to subsection (2), the facts demonstrate the "substantial events material to th[e individual] claims" did not occur in this district. *Emps. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1166 (10th Cir. 2010). Subsection (3) does not apply because Henderson can file an action in Georgia, where he is incarcerated. Venue is therefore improper with respect to the individual claims that impact Henderson.

While the Court has the option of transferring venue to Georgia, *see* 28 U.S.C. § 1404(a), such transfer is not in the interest of justice. *See Faulkenburg v. Weir,* 350 Fed. App'x 208, 210 (10th Cir. 2009) (a venue transfer is not in the interest of justice unless the claims are likely to have merit and are filed in good faith). The Letter-Pleading is mostly frivolous and fails to comply with Fed. R. Civ. P. 8(a). Any individual claims lack factual detail. Moreover, Henderson may be filing pleadings in this Court because he received unfavorable rulings in Georgia. (Doc. 1) at 28-29 (attaching filings from Henderson's 28 U.S.C. § 2254 case, which reflect the Georgia Federal Court "asked [Henderson] to address the issue of timeliness"). Hence,

there is no basis to transfer any claims in this case.

## IV. Conclusion

In sum, the Court concludes the entire Letter-Pleading (Doc. 1) is subject to dismissal. Henderson's claims relating to nuclear explosions, aliens, stock market manipulation, and mass murder are frivolous. The claims against Judge Browning and Judge Fashing are barred by the doctrine of judicial immunity. To the extent the Letter-Pleading contains allegations that impact Henderson directly, venue is improper as to those individual claims.

*Pro se* prisoners are often *sua sponte* invited to file an amendment, if the pleading defects are attributable to their ignorance of federal law. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, courts need not invite an amendment when any amended claims would also be subject to immediate dismissal under Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915A. *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004). The Court will not *sua sponte* invite an amendment in this case because all claims are either barred or must be filed in another venue. All claims against Judge Browning and Judge Fashing will be dismissed with prejudice. All remaining claims will be dismissed without prejudice, since it is sometimes difficult to differentiate between claims that are frivolous and individual claims filed in the wrong venue. Finally, the Court will deny Henderson's pending Motion to Proceed *In Forma Pauperis* (Doc. 2), which is now moot.

IT IS ORDERED:

1. To the extent Plaintiff Tavarres Henderson's Civil Letter-Pleading (Doc. 1) raises claims against Judge James O. Browning or Judge Laura Fashing, such claims are dismissed with prejudice.

7

    2.    All remaining claims in Henderson's Civil Letter-Pleading (Doc. 1) are dismissed without prejudice.

    3.    Henderson's Motion to Proceed *In Forma Pauperis* (Doc. 2) is denied as moot.

    /s/ KENNETH J. GONZALES[1]
    CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.